2023R00015/FMC/OB

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Crim. No. 25- |
| | : | |
| ROYAL SOVEREIGN | : | 15 U.S.C. §§ 2064(b), 2068(a)(4), |
| INTERNATIONAL, INC. | : | 2070(a) |

# I N F O R M A T I O N

The defendant having waived in open court prosecution by Indictment, the Acting United States Attorney for the District of New Jersey charges:

1.     At all times relevant to this Information:

a.     Royal Sovereign International, Inc., Royal Centurian, Inc., and Royal Sovereign Corporation (collectively, "ROYAL SOVEREIGN"), were headquartered in the District of New Jersey, and led by Chief Executive Officer Takwan Lim ("Lim"). ROYAL SOVEREIGN was a manufacturer of consumer products.

b.     In or around August 2000, pursuant to a settlement agreement, Royal Sovereign Corporation paid a $20,000 civil penalty for allegedly failing to report to the Consumer Product Safety Commission ("CPSC") that certain portable ceramic heaters it distributed posed a fire risk. Lim signed the settlement agreement on behalf of Royal Sovereign Corporation.

c.     Royal Sovereign International, Inc. was incorporated in 2001. From in or around 2008 through in or around 2014, ROYAL SOVEREIGN, through Royal Sovereign International, Inc., and Royal Centurian, Inc., imported and

distributed approximately 33,570 portable air conditioners ("PACs") with model numbers PAC-3012, PAC-3012_RB, ARP-3012, ARP-3012 KIT, ARP-3012S, ARP-3014, and ARP-3014SC ("the 3000-Series PACs").

       d.    The 3000-Series PACs contained at least the following three defects that, individually and together, could create a substantial product hazard:

       i.    Their shaded pole drain motor was designed to rotate a fan that sprayed condensed water onto hot condensation coils. This motor was unprotected from the water it was designed to spray. The motor's lack of protection led to corrosion of its components and resulted in electrical shorting in its windings. This shorting had the ability to arc and ignite the highly combustible plastic from which the products were made, creating the risk of uncontrolled fires.

       ii.    The shaded pole drain motor was placed close to the product's refrigeration compressor, which produced high temperatures while operating. This proximity to high temperatures decreased the life of the insultation surrounding the motor's windings, thus exposing them to corrosion, electrical shorting, and arcing that could ignite the highly combustible plastic from which the products were made, creating the risk of uncontrolled fires.

       iii.    The shaded pole drain motor produced excess wattage, causing it to run hotter than rated and reducing the life of its windings, thus increasing the risk of uncontrolled fires.

       e.    Each of these product defects created a substantial risk of injury to the public. The risk created was one of unreasonable risk of serious injury or death due to fire.

f.     By no later than on or about November 3, 2010, ROYAL SOVEREIGN obtained information that reasonably supported the conclusion that the 3000-Series PACs contained a defect that could create a substantial product hazard or that created an unreasonable risk of serious injury or death due to fire. Specifically, on or about November 3, 2010, CPSC sent Lim a letter informing him that an ARP-3012S had caught fire while being used in a patient's room in a medical facility in Albuquerque, New Mexico. The letter directed ROYAL SOVEREIGN to report to CPSC certain information, including a description of the nature of any product defect involving the 3000-series PAC involved in this fire, the nature of the possible injury associated with the product defect, a list of complaints received, and the total number of products and units involved.

g.     On or about November 16, 2010, ROYAL SOVEREIGN submitted a report to CPSC stating that it was aware of only two fire incidents involving ARP-3012s, the model had been discontinued and contained no known defect, and it possessed no additional such units. This report was false and misleading. In fact, when submitting the report, ROYAL SOVEREIGN and Lim were aware that 3000-Series PACs had caused at least 16 separate fires. On or about July 7, 2010, a manager at ROYAL SOVEREIGN sent Lim an email, attached to which was a spreadsheet listing approximately 22 fires caused by ROYAL SOVEREIGN products, including approximately 16 fires caused by 3000-Series PACs.

h.     ROYAL SOVEREIGN and Lim were aware of their legal obligation to report the above-described product defects to CPSC but decided not to

do so. After learning of these defects, ROYAL SOVEREIGN continued distributing the 3000-Series PACs for another four years.

      i.     The 3000-Series PACs caused at least 42 fires between at least in or around July 2008 and in or around August 24, 2016. Of these fires, at least 12 occurred after ROYAL SOVEREIGN's false and misleading report to CPSC. Among these fires was a house fire in Smithtown, New York, on or about August 24, 2016. This fire killed a 36-year-old mother and injured her two young children.

      j.     Pursuant to Section 15(b) of the Consumer Product Safety Act, Title 15, United States Code, Section 2064(b), ROYAL SOVEREIGN filed an initial report to CPSC on or about June 29, 2021. This report was incomplete. ROYAL SOVEREIGN filed a full report on or about August 17, 2021.

2.      From on or about November 3, 2010, through on or about August 17, 2021, in the District of New Jersey, the defendant,

**ROYAL SOVEREIGN INTERNATIONAL, INC.,**

did knowingly and willfully fail to furnish immediately to the Consumer Product Safety Commission information required by Title 15, United States Code, Section 2064(b), namely, information which reasonably supported the conclusion that consumer products it imported and distributed, namely, 3000-Series Portable Air Conditioners, contained a defect which could create a substantial product hazard and created an unreasonable risk of serious injury or death.

In violation of Title 15, United States Code, Sections 2064(b), 2068(a)(4), 2070(a).


ALINA HABBA
Acting United States Attorney


LISA K. HSIAO
Acting Director
Consumer Protection Branch

CASE NUMBER: <u>25-           </u>

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

### v.

## ROYAL SOVEREIGN
## INTERNATIONAL, INC.

# INFORMATION FOR

### 15 U.S.C. § 2064(b),
### 15 U.S.C. § 2068(a)(4), &
### 15 U.S.C. § 2070(a)

## ALINA HABBA
### Acting UNITED STATES ATTORNEY
### FOR THE DISTRICT OF NEW JERSEY

FATIME MEKA CANO & OLTA BEJLERI
*ASSISTANT U.S. ATTORNEYS*
NEWARK, NEW JERSEY

ETHAN L. CARROL
DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH
TRIAL ATTORNEY

973-645-2758