

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*　　　　*973-645-2700*
*Newark, New Jersey 07102*

OB/FMC//PL AGR
USAO # 2023R00015

June 13, 2025

Jacques Catafago, Esq.,
One Grand Central Place
47th Floor
New York, New York 10165

Re:　　Plea Agreement with Royal Sovereign International, Inc.

Dear Mr. Catafago:

This letter sets forth the plea agreement between your client, Royal Sovereign International, Inc. ("Defendant") and the Consumer Protection Branch of the Department of Justice and the United States Attorney for the District of New Jersey and ("the Offices"). This offer will expire on July 7, 2025, if it is not accepted in writing by that date. If Defendant does not accept this plea agreement, its sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the Offices' investigation.

<u>Charge</u>

Conditioned on the understandings specified below, the Offices will accept a guilty plea from Defendant to a one-count Information, which charges Defendant with knowingly and willfully failing to report information concerning consumer product safety defects, hazards, and risks, in violation of 15 U.S.C. §§ 2070(a), 2068(a)(4), and 2064(b). If Defendant enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, the Offices will not initiate any further criminal charges against Defendant for failing to immediately report a substantial product hazard in connection with the distribution of 3000-series portable air conditioners between on or about July 9, 2008, and on or about August 17, 2021.

If a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Offices may reinstate any dismissed charges and initiate any other charges against Defendant even if the applicable statute of limitations

period for those charges expires after Defendant signs this agreement, and Defendant agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 15 U.S.C. §§ 2070(a), 2068(a)(4), and 2064(b) to which Defendant agrees to plead guilty in Count 1 of the Information carries, for organizations, a statutory maximum fine of the greatest of (1) $500,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the maximum statutory fine. The Offices cannot and do not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Defendant ultimately will receive.

Further, in addition to imposing any other penalty on Defendant the sentencing judge as part of the sentence:

(1)     will order Defendant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     will order Defendant to pay restitution pursuant to 18 U.S.C. § 3663A(a)(3);

(3)     may order Defendant pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of its offense; and

(4)     may order forfeiture, pursuant to 15 U.S.C. § 2070(c), 28 U.S.C. § 2461, and 18 U.S.C. § 981(a)(1)(C).

Restitution

Pursuant to 18 U.S.C. § 3663A(a)(3), Defendant agrees to pay restitution in the amount of $395,786.48 to compensate persons ("victims") who experienced bodily injury or the damage, destruction, or loss of property caused by a fire involving a portable air conditioner with a model number beginning with PAC-3012,

- 2 -

ARP-3012, or ARP-3014 (a "subject PAC"), for the amount of the losses caused by the fire and not previously reimbursed or covered by insurance. Defendant agrees to pay this amount to a fund maintained by the Clerk of the United States District Court for the District of New Jersey on or before July 7, 2025. If Defendant fails to pay, the Offices will withdraw this plea offer.

Pursuant to 18 U.S.C. § 3664(d)(5), the parties agree that, within 90 days of sentencing, the Offices will file a motion with the Court to distribute restitution to victims. In the event that any victim to which Defendant owes restitution cannot be located or fails to submit a restitution claim, or the payment of Defendant is otherwise refused, or in the event that any of the total restitution amount otherwise remains unpaid to victims, the parties agree that such remaining funds will be paid to the Crime Victims Fund.

Rights of The Offices Regarding Sentencing

Except as otherwise provided in this agreement, the Offices may take any position with respect to the appropriate sentence to be imposed on Defendant by the sentencing judge. The Offices may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And the Offices may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of the activities of Defendant and relevant conduct with respect to this case.

Stipulations

The Offices and Defendant will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the Offices is based on the information and evidence that the Offices possess as of the date of this agreement. Thus, if the Offices obtain or receive additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the Offices. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing

court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, the Offices and Defendant waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Consumer Protection Branch of the Department of Justice and cannot bind other federal, state, or local authorities. If requested to do so, however, the Offices will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Defendant except that it is part of a resolution with a pending civil matter, 2:25-cv-11114 (D.N.J.). This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any other civil or administrative proceeding against Royal Sovereign International, Inc.

- 5 -

No provision of this agreement shall preclude Defendant from pursuing in an appropriate forum, when permitted by law, a claim that it received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Defendant and the Offices and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

LISA K. HSAIO
Acting Director

ALLAN GORDUS
Assistant Director

By:  *Fatime Meka Cano*
Fatime Meka Cano
Olta Bejleri
Assistant U.S. Attorneys

By:  *Ethan L. Carroll*
Ethan Carroll
Trial Attorney
Consumer Protection Branch
Civil Division
United States Department of Justice

APPROVED:

*Blake Coppotelli*
Blake Coppotelli,
Deputy Chief, Economic Crimes

- 5 -

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and restitution. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

My client has authorized me to act on behalf of Royal Sovereign International, Inc. ("Defendant") as its Acting Corporate Secretary. On behalf of Defendant, I accept this letter's terms and conditions and acknowledge that the letter constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. Defendant wants to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

| _____<br>Jacques Catafago, Esq.<br>Counsel for Royal Sovereign<br>International, Inc.<br>Acting Corporate Secretary for Royal<br>Sovereign International, Inc. | Date:  June 13, 2025 |
| --- | --- |

- 6 -

Plea Agreement with Royal Sovereign International, Inc.

Schedule A

1.      The Offices and Royal Sovereign International, Inc. ("Defendant"), recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024, applies in this case.

Knowing and Willful Failure to Report Immediately Information Concerning Consumer Product Safety Defects, Hazards, and Risks

3.      The parties agree that no precise determination of the guideline fine range is required because it is readily ascertainable that Defendant cannot and is not likely to become able to pay the minimum of the guideline fine range.

4.      The parties agree that pursuant to U.S.S.G. § 8C3.3(a), no fine should be imposed.

5.      If the total fine, restitution, and/or forfeiture imposed does not exceed $400,000, and except as specified in the next paragraph below, Defendant will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the total fine, restitution, and/or forfeiture imposed is at least $395,786.48, the Offices will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

6.      Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement.